# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-173-01, 03-05, 08-09 |
|---|---|
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| DEMARCUS MORRIS, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Pending before the Court is a motion in limine to permit the introduction of 911 calls at trial in the above-captioned case. Record Documents 235 & 244. Specifically, the Government seeks to admit two 911 calls made on the night of January 28, 2014. Both calls are summarized in the Government's supplemental memorandum [Record Document 244] and both relate to a shooting at the King's Manor Apartments. In the first call, an unidentified man relays to the 911 dispatcher that he can hear shots outside of his window at the King's Manor Apartments; that "they" (presumably the perpetrators) are running; and that law enforcement assistance is needed. He states a man wearing all black is running. The caller does not know if anyone has been shot or killed. The second call was from someone identified as L.W. Durden. Mr. Durden informed the 911 dispatcher that he was at the King's Manor Apartments and that a woman had been shot twice and was lying on the ground outside of the apartments.

The Government submits that the 911 calls are relevant to prove offenses charged in the Indictment, specifically Count 1, Overt Act 4 (RICO Conspiracy); Count 4 (Violent Crime in Aid of Racketeering); and Count 5 (Using and Carrying of a Firearm During and

in Relation to a Crime of Violence). More particularly, the Government discloses this evidence relates to an armed robbery allegedly involving Defendant Lonnie Johnson.

Significantly, no Defendant has objected or otherwise responded to the Government's motion to introduce these two 911 calls on confrontation, hearsay, or any other grounds. The Court notes that based on the Government's briefing, neither caller identified Lonnie Johnson or any other Defendant as the perpetrator of the shooting. The Court finds the evidence admissible for the following reasons.

As the Supreme Court explained in Davis v. Washington, 547 U.S. 813, 821 (2006),

> "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In Crawford v. Washington, . . . we held that this provision bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." A critical portion of this holding, and the portion central to resolution of the two cases now before us, is the phrase "testimonial statements." Only statements of this sort cause the declarant to be a "witness" within the meaning of the Confrontation Clause. . . . It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause.
>
> . . .
>
> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

Davis, 547 U.S. at 821-22 (internal citations omitted). The Supreme Court then went on to hold that statements made in a 911 call seeking immediate police assistance generally

are not testimonial in nature and, therefore, pose no Confrontation Clause problems: "A 911 call, . . . and at least the initial interrogation conducted in connection with a 911 call, is ordinarily not designed primarily to 'establis[h] or prov[e]' some past fact, but to describe current circumstances requiring police assistance." Id. at 827.

A nontestimonial 911 recording typically involves a caller who is speaking about events as they are actually happening; he is likely faced with an ongoing emergency or imminent danger; and viewed objectively, the dialogue between the dispatcher and caller is often necessary to resolve the emergency. See id. These factors, among others,[1] render most 911 calls nontestimonial, as the primary purpose is to enable police assistance to meet an ongoing emergency. See id. at 828; see also United States v. Polidore, 690 F.3d 705 (5th Cir. 2012).

Here, based on the undisputed information in the record, the primary purpose of both 911 calls was to report that gunshots had been fired, the safety of those around the King's Manor apartments was in question, that a man was running (possibly away from the scene) in all black, and that a woman had been shot twice and was lying on the ground. Thus, the calls were designed to allow the dispatcher to assess the situation, determine the potential danger to public safety, and discern the level of threat to responding officers. These calls are nontestimonial and are not violative of the Confrontation Clause. See United States v. Whitmore, 386 F. App'x 464, 476 n.5 (5th Cir. 2010) (explaining that the argument that the "admission of [a] 911 tape violate[s] the Confrontation Clause is

---

[1] The Davis Court also instructed lower courts to consider the level of formality of the interrogation. Davis, 547 U.S. at 827.

foreclosed by Supreme Court precedent designating the information contained in the tapes as 'nontestimonial.'")

In this case, although the dispatcher's statements to the 911 callers have not been summarized in the Government's briefing, Defendants do not dispute the inference that any statements made by the dispatcher were for the purpose of evaluating the situation and dispatching emergency assistance.

Aside from the Confrontation Clause, the Court finds that these 911 calls are also admissible under the present sense impression hearsay exception. Federal Rule of Evidence Rule 803(1) provides that hearsay statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it," "are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness." Fed. R. Evid. 803(1). "The basis for this hearsay exception relies on the contemporaneousness of the event under consideration and the statement describing that event. Because the two occur almost simultaneously, there is almost no likelihood of [a] deliberate or conscious misrepresentation." Polidore, 690 F.3d at 720 (citing Rock v. Huffco Gas & Oil Co., 922 F.2d 272, 280 (5th Cir. 1991) (internal marks omitted). As described above, the 911 calls fit squarely within this exception, as they are statements made by declarants describing an event while or immediately after they have observed or experienced it.

For these reasons, **IT IS ORDERED** that the Government's motion in limine to permit the introduction of the two 911 calls [Record Document 244] be and is hereby **GRANTED**.

**THUS DONE AND SIGNED** this 6th day of September, 2018.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE