UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-173-01, 03-05, 08 |
|---|---|
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| DEMARCUS MORRIS, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

In the above-captioned matter, the parties have filed memorandums on the impact of United States v. Davis, – F.3d –, 2018 WL 4268432 (5th Cir. 2018),[1] on Count 1 of the Indictment in this case. [Record Documents 281, 283, 285, 286, 287].[2] Count 1 charges a RICO conspiracy. All parties agree that Davis has no direct impact on Count 1. The question before the Court is whether some of the overt acts charged in Count 1 are inadmissible now that the Government has dismissed Counts 3, 4, 5, 6, 7, 13, and 14.

The Defendants contend that all of Count 1's overt acts that allege the possession or use of a firearm are no longer relevant unless they are, themselves, a predicate act of racketeering, i.e., murder, attempted murder, robbery, or a drug offense. That is, they argue those overt acts were relevant to prove counts charging firearms violations or violent

---

[1] In Davis, the Fifth Circuit reversed a defendant's conviction under 18 U.S.C. § 924(c) by holding that a conspiracy to commit an offense is merely an agreement to commit an offense and does not necessarily require proof that a defendant used, attempted to use, or threatened to use force. Thus, a conviction for conspiracy to violate § 924(c)'s residual clause suffered from unconstitutional vagueness and could not stand.

[2] Atkins filed a motion to adopt the briefing submitted by her co-Defendants, Record Document 284, which is **GRANTED**. The Court previously ordered that any Davis briefing by one Defendant is automatically adopted by all co-Defendants, unless opted-out.

crimes in aid of racketeering, which have since been dismissed; the overt acts are not relevant to prove the predicate acts of the racketeering charge.

The Government, on the other hand, argues that all of the overt acts listed in Count 1 are acts allegedly taken in furtherance of the RICO conspiracy and establish necessary elements of the offense. By way of example, the Government notes that Overt Act 1 charges that Defendant McCain "possessed and discharged a firearm at multiple people resulting in injury to two individuals." This overt act is evidence supporting the predicate act of attempted murder. The Government submits that firearms were used by the Defendants to protect members of the enterprise, threaten and intimidate rivals, protect their drugs, protect their drug proceeds, commit armed robberies, commit drive-by shootings, protect their power and territory, instill fear in others, and increase or maintain their respective positions within the enterprise. Thus, their purpose for possessing and using firearms is relevant to proof of the racketeering conspiracy. Simply because §§ 924(c) and 1959 (violent crime in aid of racketeering) charges were dismissed does not render all firearms violations or evidence irrelevant to the case.

The Court agrees with the Government. Davis made a legal finding that one could not conspire, that is, agree, to commit a § 924(c) violation because there would have to be proof that the defendant used, attempted to use, or threatened to use physical force against the person or property of another. That legal pronouncement is not as broad as the Defendants wish it to be. It does not render evidence of firearm possession and use irrelevant to proof of murder, attempted murder, robbery, or drug offenses. To the

contrary, the evidence is relevant to prove the predicate acts, and Davis did not alter that. Defendants provide no sound justification for their argument that Davis somehow prohibits the Government from using gun evidence to prove racketeering. The facts set forth in the overt acts are admissible as part of the proof of the predicate acts charged in the Indictment and will be used to demonstrate a pattern of racketeering activity. They are admissible to prove enterprise, association, and participation, all of which are elements of a RICO conspiracy. The overt acts need not themselves be predicate acts under the RICO statute in order to be admissible. Likewise, the overt acts need not be charged as separate counts of the Indictment to be admissible evidence.

Because Davis did not alter the admissibility of this evidence under Count 1, the Court **OVERRULES** Defendants' request to limit the Government's overt act evidence on the possession and use of firearms. This evidence remains relevant to proof of Count 1.[3]

**THUS DONE AND SIGNED** this _____ day of September, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[3] The parties were invited to brief the impact, if any, of United States v. Reyes-Contreras, 882 F.3d 113 (5th Cir. 2018). None of the Defendants submitted briefing on this case. The Government submits that Reyes-Contreras is inapplicable to Count 1. The Court agrees.