**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 5:17-00173-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DEMARCUS D MORRIS (01) | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before the Court is a "Motion for Trial Transcripts" filed by Defendant, Demarcus D. Morris ("Morris"). Record Document 757. Defendant claims his previous trial transcript[1] "was lost in a facility search" and that he needs a new transcript because "it's hard to respond and fight for my life in the courts without trial transcript." *Id*.

Morris's motion is **DENIED**. "An indigent defendant has no constitutional right to acquire a free copy of his transcript or other court records for use in a collateral proceeding." *United States v. Peralta-Ramirez*, 266 F. App'x 360, 361 (5th Cir. 2008). Pursuant to 28 U.S.C. § 753(f), "fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States . . . if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *See also United States v. Davis*, 369 F. App'x 546, 546-

---

[1] Morris has never directly received a trial transcript from either this Court or the Fifth Circuit. His attorney had access to the trial transcripts because of Morris's first appeal, but that appeal closed on September 27, 2020. *See* Record Document 609. Morris filed *pro se* Notices of Appeal [Record Documents 717 & 720], which the Fifth Circuit dismissed for nonpayment of the appeal filing fee. *See* Record Document 724.

47 (5th Cir. 2010) ("Section 753(f) provides for a free transcript for indigent prisoners asserting a claim under § 2255 if a judge certifies that the asserted claim is not frivolous and that the transcript is needed to decide the issue.") (internal quotation marks omitted).

Morris has not been permitted to sue or appeal in forma pauperis.[2] But even assuming he had been granted such status, he has failed to demonstrate that his suit or appeal would not be frivolous and that the transcript is necessary to decide the issue(s) presented therein. Both of Morris's appeals are closed. Morris contends he needs to "respond," but briefing for his pending § 2255 proceeding has closed. Not only has Morris failed to request leave of Court to file any other responses, but he has also failed to explain to the Court why the entire trial transcript is necessary for drafting any such response.

Further, Morris maintains he needs the transcript to "fight for his life." However, an indigent defendant is not entitled to a free transcript simply to "conduct a 'fishing expedition' in search of support for a potential § 2255 motion." *See United States v. Dellere*, No. 3:09-CR-307-N, 2012 WL 12994947, at *1 (N.D. Tex. Jan. 9, 2012) (*quoting United States v. Caravajal*, 989 F.2d 170, 170 (5th Cir. 1993)). And "there is no need for free transcripts to decide issues or claims that have not yet been asserted in a § 2255 motion." *Dellere*, 2012 WL 12994947, at *1. *See also United States v. Keelen*, No. CR 14-131, 2024 WL 278920, at *2 (E.D. La. Jan. 25, 2024) ("[T]he law does not entitle a federal prisoner to obtain transcripts at the Government's expense for the purpose of

---

[2] Morris filed a deficient motion to proceed in forma pauperis. *See* Record Documents 725 & 726. He did not cure the deficiency.

preparing a case pursuant to 28 U.S.C. § 2255."). As such, Morris is not entitled to a free transcript merely to prepare a § 2255 motion or to seek some sort of relief in the future.

Without any information regarding what issues Morris wishes to present to the Court for consideration for relief, the Court can make no determination as to whether those issues are frivolous and whether a transcript is necessary. Therefore, the Court will not certify that Morris is entitled to a transcript at the Government's expense, and his motion for a free trial transcript [Record Document 757] is **DENIED**. If Morris wants his trial transcript, he will need to file a request with the Clerk of Court and arrange payment.

**THUS DONE AND SIGNED** this 7th day of March, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE